UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | INFORMATION NO. |
| | ) | |
| v. | ) | 18 U.S.C. § 1341 |
| | ) | Mail Fraud |
| DANTAVIOUS JACKSON | ) | |
| | ) | **CR125-038** |
| | ) | |
| | ) | |

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

JUN - 6 2025

FILED

THE UNITED STATES ATTORNEY CHARGES THAT:

## INTRODUCTION

At all times relevant to this Information:

1. The defendant DANTAVIOUS JACKSON ("JACKSON") was a resident of Union City, Georgia, in the Northern District of Georgia, and worked as truck driver at his business D & D Rockstar Trucking, which he owned and operated in Union City, Georgia. On the side, JACKSON also prepared tax forms for others.

2. Individual #1 was a resident of Grovetown, Georgia, in the Southern District of Georgia, and owned and operated a trucking company ("Company #1") in Grovetown, Georgia. JACKSON prepared tax returns for him for a fee.

3. Any individual who prepared and assisted in preparing federal tax returns for a fee was required to obtain a preparer identification number ("PTIN") from the Internal Revenue Service ("IRS"). A paid preparer was required to place

his PTIN on each tax return he or she prepared for a fee to identify the preparer of that return.

4.   Between in or about June 2022 and August 2023, JACKSON, in exchange for a percentage of the refund or other fee, prepared and caused to be prepared IRS Forms 941, "Employer's Quarterly Federal Tax Returns" ("Forms 941") on behalf of client-taxpayers for submission to the IRS. JACKSON prepared and filed and caused to be prepared and filed the tax returns as a "ghost preparer," meaning that he did not identify himself through a PTIN or by any other self-identifying information in the "Paid Preparer Use Only" section on the returns he prepared and filed with the IRS on behalf of himself and his paying client-taxpayers.

5.   The Tax Preparation Software ("TPS") was a return preparation software accessible via the internet that JACKSON used to prepare and electronically file with the IRS false tax returns and related documents.

6.   From in or around June 2022 through in or around August 2023, JACKSON executed a scheme and artifice to defraud the United States by preparing, causing to be prepared, and electronically filing IRS Forms 941 for himself and others, including Individual #1, that falsely claimed that JACKSON, Individual #1 and another individual were entitled to receive $4,112,297.57 in tax refunds based on fraudulently-claimed COVID-19-related tax credits. As a result of JACKSON's scheme, the United States Treasury mailed tax refund checks totaling approximately $1,567,855.86 to JACKSON, Individual #1 and another individual.

7. The IRS was an agency of the United States Department of the Treasury responsible for administering federal tax laws, including refundable tax credits, of the United States and collecting taxes owed to the United States.

8. Federal law required employers to collect, truthfully account for, and pay over to the United States certain payroll taxes, including their employees' withheld federal income taxes, Social Security and Medicare taxes. A responsible person at a business was required to file, quarterly, a Form 941 ("Form 941"), reporting certain information and assessing payroll taxes for the business and reporting certain information, including the number of employees working at the business, the total amount of income taxes withheld from employee paychecks, the total amount of Social Security and Medicare taxes due to the IRS on behalf of the employees, and the total tax deposits paid to the IRS for that quarter.

9. A Form 8453-EMP Form 8453-EMP, "E-File Declaration for Employment Tax Returns" ("Form 8453-EMP"), was a form used to authenticate an electronic employment tax return, authorize an electronic return originator ("ERO") or an intermediate service provider ("ISP") to transmit an electronic employment tax return via a third party, and authorize an electronic funds withdrawal for payment of federal taxes owed. The Form 8453-EMP was required to be signed by an authorized individual of the taxpayer's business who, in so doing, swore under penalty of perjury that the tax return was true, correct, and complete and consented to the ERO or ISP submitting the Form 941 to the IRS.

10. A Wage and Tax Statement, Form W-2, reported wages paid by an employer to an employee and taxes withheld from those wages. It was issued by U.S. employers to employees and filed by employers with the Social Security Administration.

Employee Retention Credits

11. The Coronavirus Aid, relief, and economic Security Act or CARES Act, enacted on March 27, 2020, provided for an employee retention credit ("ERC"), a refundable tax credit, which was designed to encourage businesses to keep employees on their payroll during the COVID-19 pandemic. The Taxpayer Certainty and Disaster Relief Act of 2020 and the American Rescue Plan Act modified and extended the ERC.

12. For calendar year 2020, eligible employers were authorized to claim an ERC offsetting certain employment taxes that could not exceed 50 percent of up to $10,000 of qualified wages paid to each employee from March 13, 2020, through December 31, 2020. The maximum ERC for 2020 was $5,000 per employee per quarter. For calendar year 2021, eligible employers were authorized to claim an ERC offsetting certain employment taxes that could not exceed 70 percent of up to $10,000 of qualified wages paid to each employee during each quarter. The maximum ERC for 2021 was $7,000 per employee per quarter.

13. Generally, businesses and tax-exempt organizations that qualified for the ERC were those that: (a) were shut down during 2020 or the first three calendar quarters of 2021 (January 1, 2021 through September 30, 2021) by government

order due to the COVID-19 pandemic; (b) experienced a specific decline in gross receipts during the eligibility periods during 2020 or the first three calendar quarters of 2021; or (c) qualified as a recovery startup business for the third or fourth quarters of 2021.

14. The ERC was claimed by an employer by filing a Form 941 or a Form 941X, "Adjusted Employers' Quarterly Federal Tax Return or Claim for Refund," with the IRS for the relevant quarter.

15. From in or about and between June 2022 and August 2023, JACKSON orchestrated a scheme to fraudulently claim ERCs from the U.S. Treasury by preparing and filing with the IRS materially false and fraudulent Forms 941, including false and fraudulent Forms 941 filed on behalf of his own business, D&D Rockstar Trucking, LLC, Individual #1's business (Company #1), and another individual's business, claiming tax refunds based on ERCs totaling approximately $4,112,297.57. As a result of the scheme, the U.S. Treasury disbursed approximately $1,567,855 in tax refund checks to JACKSON, Individual #1 and a third individual.

16. The Forms 941 JACKSON prepared and filed, and caused to be filed, were false and fraudulent as they listed employees and wages that, in fact, did not actually exist. JACKSON used these fake employees and wages to claim ERCs and, in doing so, fraudulently induced the U.S. Treasury to issue tax refunds.

17. Between approximately July 2022 and August 2023, a TPS account controlled by JACKSON was used to prepare and electronically file thirteen false

Forms 941 for the benefit of Individual #1 on behalf of Company #1. As a result, the United States Department of Treasury mailed four checks totaling $577,572.70 to Company's #1's address in the Southern District of Georgia. Individual #1 was not entitled to the amount of ERCs or resulting refunds claimed on the IRS Forms 941 JACKSON prepared and filed.

18. JACKSON, Individual #1, and another individual profited from the scheme. JACKSON received tax refunds, in the form of United States Treasury checks, based on false Forms 941 he submitted for his company, D&D Rockstar Trucking, LLC. JACKSON also profited by recruiting others, including Individual #1, to have false Forms 941 prepared and by collecting a percentage of the fraudulently obtained tax refunds as a fee. Individual #1 and another individual profited by receiving in the U.S. Mail tax refunds, in the form of United States Treasury checks, based on false Forms 941 submitted for each of their respective trucking companies.

## COUNT ONE
*Mail Fraud*
### 18 U.S.C. § 1341

19. Paragraphs 1 through 18 of the Information are realleged and incorporated herein as though set forth fully herein.

20. On or about October 4, 2022, JACKSON prepared and filed and caused to be prepared and filed with the IRS a materially false and fraudulent Form 941 for the quarter ending December 31, 2021, claiming a $163,905.68 tax refund based on COVID-19-Related Tax Credits for Company #1 for which it was not entitled.

21. On or about November 8, 2022, in the Southern District of Georgia and elsewhere, the defendant,

**DANTAVIOUS JACKSON,**

for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud the IRS and to obtain money and property from the IRS, knowingly caused to be delivered through the United States Mail, a tax refund, to wit: United States Treasury Check No. 4045-11781218 in the amount of $157,583.98 and made payable to Individual #1.

All in violation of Title 18, United States Code, Section 1341.

## FORFEITURE ALLEGATION

The allegations contained in Count One of this Information are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

Upon conviction of the offense in violation of Title 18, United States Code, Section 1341 set forth in Count One of this Information, Defendant JACKSON shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation, including but not limited to a money judgment in the amount of $546,309.82.

If any of the property described above, as a result of any act or commission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

_____
Tania D. Groover
Assistant United States Attorney
Chief, Criminal Division

_____
George J.C. Jacobs, III
Assistant United States Attorney
*Lead Counsel